Michael Alan CROOKER, Appellant,

v.

OFFICE OF the PARDON ATTORNEY and U. S. Department of Justice, Appellees.

No. 478, Docket 79–2111.

United States Court of Appeals, Second Circuit.

Submitted Nov. 27, 1979.

Decided Jan. 15, 1980.

---

Michael Alan Crooker pro se.

Richard Blumenthal, U. S. Atty., Frank H. Santoro, Asst. U. S. Atty., Jay L. Hoffer, Student Intern., for appellees.

Before TIMBERS, Van GRAAFEILAND and NEWMAN, Circuit Judges.

PER CURIAM:

This case concerns a request to the Office of the Pardon Attorney for disclosure of information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976).

Michael Alan Crooker, a federal offender currently serving his sentence at the Federal Correctional Institution at Danbury, Connecticut, filed a petition for executive clemency with the Office of the Pardon Attorney, Department of Justice. He then requested to review all the records connected with his petition, first under the discretionary authority of the administrative regulation governing executive clemency, 28 C.F.R. § 1.6 (1979), and then under the requirements of the FOIA. The Pardon Attorney responded with a letter stating that the administrative request had been denied and that executive clemency files are not subject to the FOIA.[1] Crooker then filed an administrative appeal of this denial with the Office of Privacy and Information Appeals, Department of Justice. While this appeal was pending, he brought an FOIA suit for disclosure of the requested documents in the United States District Court for the District of Connecticut. Since his administrative appeal was not acted on within twenty days, as required by 5 U.S.C. § 552(a)(6)(A)(ii), Crooker was deemed to have exhausted his administrative remedies, see § 552(a)(6)(C), and the matter was properly before the District Court.

The District Court (T. F. Gilroy Daly, Judge) granted summary judgment for the Pardon Attorney. On appeal, the Government urges affirmance on two grounds: first, that the Office of the Pardon Attorney is not an "agency" within the meaning of the FOIA and second, that the files of the Pardon Attorney are exempt from the FOIA's disclosure requirements as a matter of law, pursuant to 5 U.S.C. § 552(b)(5). We reject the first contention, and, though we agree with the second contention as to one of the documents in plaintiff's file, we remand so that the District Court may determine, upon a proper record, whether or not the balance of the file is subject to disclosure.

By its terms, the FOIA applies to every "agency" in the federal government, as that term is defined in 5 U.S.C. § 551(1). In amending the FOIA in 1974, Congress added the following definition of an agency:

For purposes of this section, the term "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

Pub.L.No.93–502, 88 Stat. 1561, 1564 (1974), *codified at* 5 U.S.C. § 552(e). Even before this amendment there was no doubt that executive departments, and units within such departments, were agencies within the meaning of § 551(1). *Blackwell College of Business v. Attorney General,* 147 U.S.App. D.C. 85, 90, 454 F.2d 928, 933 (D.C.Cir. 1971) (Immigration and Naturalization Service). The Office of the Pardon Attorney is located within the Department of Justice, 28 C.F.R. §§ 0.1, 0.35. In addition to handling pardon applications, the Office is authorized to perform "any other duties assigned by the Attorney General or the Deputy Attorney General." 28 C.F.R. § 0.35. As a unit within an executive department, the Office is subject to the FOIA.

The Government argues against FOIA coverage on the ground that Congress did not intend to apply the Act to units whose sole function is to advise and

---

1. The Pardon Attorney also informed Crooker that the files were not subject to disclosure pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a (1976), because the Attorney General by regulation has exempted the files of the Pardon Attorney from disclosure pursuant to this Act. 28 C.F.R. § 16.79. That regulation, specifically authorized by § 552a(j)(2), exempts executive clemency files from disclosure pursuant to § 552a(d). The regulation does not purport to create an exemption from disclosure pursuant to the FOIA, and that statute, unlike the Privacy Act, contains no authorization for an agency head to exempt an entire system of records.

**828**

assist the President. This argument purports to rely on the legislative history of the 1974 amendment. Having expanded the "agency" definition "to include those entities which may not be considered agencies under section 551(1) of title 5, U.S.Code, but which perform governmental functions and control information of interest to the public," H.R.Rep.No.93–876, 93d Cong., 2d Sess. 8 (1974), *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 6267, 6274, Congress made clear that it did not intend to include "the President's immediate personal staff or units in the Executive Office whose sole function is to advise and assist the President." Conf.Rep.No.93–1200, 93d Cong., 2d Sess. 15 (1974), *reprinted in* [1974] U.S.Code Cong. & Admin.News, p. 6293. The "advise and assist the President" language applies as a limitation upon FOIA coverage only within the Executive Office of the President. The Government's contention attempts to apply this limitation throughout the executive branch. That is an unwarranted interpretation of the 1974 amendment, which, if accepted, would lead to significant reduction in FOIA coverage, contrary to the wording and purpose of the amendment.[2]

 The Government also argues that even if the Office of the Pardon Attorney is covered by the FOIA, the files of that Office are entirely exempt from disclosure under the FOIA's Exemption 5, 5 U.S.C. § 552(b)(5). This exemption covers "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The availability of this exemption may be established either by testimony or affidavits, without the need for *in camera* inspection of the documents sought. *EPA v. Mink*, 410 U.S. 73, 93, 93 S.Ct. 827, 55 L.Ed.2d 119 (1973); *Lead Industries Ass'n v. OSHA*, 610 F.2d 70 (2d Cir. 1979). In the District Court the Government attached to its motion for summary judgment a memorandum from the Office of the Pardon Attorney identifying the items in Crooker's file: Crooker's clemency petition, a memorandum from the Deputy Attorney General to the President concerning disposition of the petition, a sentence computation record, a Bureau of Prisons progress report, and the pre-sentence report.

█ The memorandum of the Deputy Attorney General is sufficiently described to make it clear that it is subject to Exemption 5 of the FOIA.[3] The remaining documents in the file are not alleged to be inter-agency or intra-agency memorandums. Whether these documents are exempt from the FOIA on some basis other than Exemption 5 should be determined in the first instance by the District Court on an adequate record.[4]

The judgment is affirmed to the extent that it denies disclosure of the Deputy Attorney General's memorandum to the President; as to non-disclosure of the balance of the file, the judgment is reversed and the case is remanded for further proceedings.

2. The basic purpose of the 1974 amendment to broaden coverage of the FOIA is underscored by Congress' approving references to *Soucie v. David*, 145 U.S.App.D.C. 144, 448 F.2d 1067 (D.C.Cir. 1971) (Office of Science and Technology, within the Executive Office, subject to FOIA) in the amendment's legislative history. *See* Conf.Rep.No.93–1200, *supra* at 15, [1974] Code Cong. & Admin.News at p. 6293; S.Rep. No.93–854, 93d Cong. 2d Sess. 33 (1974).

3. The document describing the memorandum is deficient in that it is not an affidavit. Since the case is being remanded, we will accept the representation concerning the contents of the

file and the description of the Deputy Attorney General's memorandum for purposes of this appeal, with the expectation that the Government will confirm the representations in an affidavit in the District Court.

4. We do not decide at this point whether plaintiff's FOIA claim can be defeated by an opportunity to inspect the documents from the Bureau of Prisons at FCI, Danbury, or whether the pre-sentence report is exempt as a court document, despite its availability prior to sentencing, Fed.R.Crim.P. 32(c)(3), and its disclosure to agencies of the executive branch.