Burton W. KANTER, Plaintiff,

v.

INTERNAL REVENUE SERVICE et al., Defendants.

No. 76 C 4262.

United States District Court,
N. D. Illinois E. D.

Feb. 14, 1980.

Harvey Silets, Randall G. Dick, Levenfeld, Kanter, Baskes & Lippitz, Chicago, Ill., for plaintiff.

John J. McCarthy, Donald J. Gavin, Judith H. Johnson, Tax Div., U. S. Dept. of Justice, Washington, D. C., J. T. Hynes, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

This action is brought under the Freedom of Information Act, 5 U.S.C. § 552, to obtain documents pertaining to the investigation of agent Richard E. Jaffe by the Internal Revenue Service. Defendants have moved for summary judgment, relying on several statutory exemptions to justify refusing to release the documents remaining in dispute.

■ Exemption 3, which protects material exempt from disclosure by statute, is claimed to apply to taxpayer return information, covered by 26 U.S.C. § 6103. Section 6103 has been held to afford the Internal Revenue Service a wider discretion in withholding documents than would normally be allowed under the Freedom of Information Act. *Zale Corp. v. Internal Reve-*

*nue Service,* 481 F.Supp. 486 (D.D.C.1979). The only question is whether the agency abused its discretion in deciding that disclosure of return information would seriously impair Federal tax administration. The court finds that the agency did not so abuse its discretion and that documents for which this exemption is claimed, namely documents numbered 5, 6, 12, 13, 17, 19–24, are exempt from disclosure.

■ An exemption by statute is also claimed for materials used in grand jury proceedings. These materials are protected by F.R.Cr.P. 6(e). *See Hiss v. Dept. of Justice,* 441 F.Supp. 69 (S.D.N.Y.1977). While plaintiff concedes the validity of this exemption, he argues that documents already in the agency's possession and turned over to the grand jury are not within its scope. The court's examination of the documents which are said to come under this exemption reveals that they contain, among other things, summaries of testimony before a grand jury, and names of witnesses. That information within those documents (numbers 26–29) is exempt from disclosure. Other portions of those documents fall within other exemptions, as will be discussed.

■ Many of the documents are claimed to fall within exemption 5, which protects "inter–agency or intra–agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The scope of this exemption is thus governed by analogy to civil discovery rules. The exemption encompasses the attorney–client and other privileges, attorney work product, and a governmental privilege that applies to "materials reflecting deliberative or policymaking processes . . . ." *Environmental Protection Agency v. Mink,* 410 U.S. 73, 89, 93 S.Ct. 827, 837, 35 L.Ed.2d 119 (1973). Plaintiff contends that the documents involved do not fall within this exemption because they are compliance monitoring and not pre–decisional. The investigation of agent Jaffe, it is argued, began with an established policy against which Jaffe's conduct was meas-

ured. Some of these documents, however, were prepared in connection with the tax investigation with which Jaffe was involved. They later became part of the file used in the conduct investigation of Jaffe. As such, they reflect the deliberative processes of the agency in the underlying investigation. Documents compiled for the Jaffe investigation itself reflect the deliberative processes of the agency in deciding whether or not to discipline Jaffe. Other documents within the scope of exemption 5 are attorney work product and confidential communications between attorney and client, specifically the Department of Justice and the Internal Revenue Service. The court finds that documents 2, 3, 4, 8, 11, 12, 13, 18, 19–24, 28, and 29 fall within exemption 5.

■ Defendant asserts that many of the documents are encompassed by exemptions 6 and 7(C). Exemption 6 includes "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," and exemption 7(C) is for "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . constitute an unwarranted invasion of personal privacy." Plaintiff does not quarrel with the characterization of these documents as either personnel files or investigatory records; he argues that no unwarranted invasion of personal privacy has been shown. Any invasion of personal privacy must be weighed against the public interest in disclosure of the details of the investigation into agent Jaffe's conduct. Moreover, plaintiff argues, Jaffe has waived any interest in his personal privacy, as indicated by an affidavit he filed in a 1975 case explaining the circumstances of the investigation. The court cannot be certain from this affidavit, however, that Jaffe is still uninterested in protecting his privacy. The privacy rights of others besides Jaffe are involved as well. For example, documents 9 and 10 are a complaint to the IRS concerning agent Jaffe and a response to it. The cooperation of the public is obvi-

ously helpful to an IRS investigation. There is a strong interest in preserving the confidentiality of the identities of persons supplying information to the agency. *See Forrester v. United States Dept. of Labor*, 433 F.Supp. 987 (S.D.N.Y.1977), *aff'd*, 591 F.2d 1330 (2d Cir. 1978). Documents 15 and 16 also contain the names of persons contacted as part of the investigation into Jaffe's conduct. Other documents contain personal information about Jaffe and others, but it is unnecessary for the court to rule on these, as all other documents have been found to be covered by at least one other exemption. Besides invading the privacy of certain people, release of some of these documents might reveal the identities of confidential sources and thus be exempt under 7(D).

After an *in camera* inspection of the documents for which exemptions are claimed under the Freedom of Information Act, the court has concluded that all of these documents are covered by at least one of the following exemptions: 3, 5, 6, 7(C), 7(D). Accordingly, defendants' motion for summary judgment is granted. The complaint is ordered dismissed.