Jay B. WHITE, Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE,
Defendant-Appellee.

No. 81–3613.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 22, 1983.

Decided May 26, 1983.

Floyd B. Oliver, Earle C. Horton (argued), William T. Wuliger, Jerry Milano, Robert L. Miller, White, Milano & Miller, Cleveland, Ohio, for plaintiff-appellant.

James C. Lynch, Asst. U.S. Atty., Cleveland, Ohio, Michael Paup, Chief Appellate Sec., Elaine Ferris (argued), Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before MERRITT and WELLFORD, Circuit Judges, and HARVEY, District Judge.*

WELLFORD, Circuit Judge.

Plaintiff-appellant, Jay B. White, filed a complaint in the district court in January of 1980 seeking to require by a mandatory order that defendant-appellee, Internal Revenue Service (IRS), release to him wide-ranging information [1] pertaining to an IRS investigation of White for the tax years 1975 and 1976 under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq. Other defendants were dismissed, who are not before this court on appeal, and the question of asserted damages, sought in the complaint, is not a subject matter of the appeal.

IRS asserted that the documents and materials sought were protected from disclosure under 26 U.S.C. § 6103, which it contended should be construed independently from FOIA exemptions, but if construed together with FOIA, Exemption (b)(3) of FOIA would protect the documents from disclosure. Further, IRS contended that the documents and material in dispute were protected from disclosure under other provisions of FOIA, and each of these contentions will be considered fully hereinafter. We conclude, contrary to appellant's contentions, that the index descriptions furnished do adequately describe the withheld documents or deletions, and that claimed exemptions are sufficiently set out to permit a reasoned judgment about whether the

---

* The Honorable James Harvey, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The particular information and documents sought by appellant were:
   1. Documents, calculations or other materials pertaining to any alleged underpayment of tax for 1975 or 1976.
   2. Letters, documents, memoranda or other materials pertaining to the selection or method of selection by which the undersigned taxpayer was selected for investigation or audit.
   3. Letters, documents, memoranda or other materials pertaining to the mode and manner of conducting the above-mentioned investigation or audit, including those which explain how those agents who are or have been assigned to the taxpayer's case received their assignment.

method is properly exempt under FOIA standards.

Appellant served interrogatories on the IRS seeking to require it to set out the specified exemption of FOIA claimed to be a basis for its denial of certain documents. White had learned that he was the subject of a tax investigation, involving possible criminal implications, for the years 1975 and 1976 and was seeking to discover information that might aid him in his defense. As determined by the trial judge, IRS provided some 292 pages of material prior to suit in response to White's initial request for the material set out in footnote one. After suit was filed, IRS provided White, an attorney, 245 additional pages, withholding some 33 documents which are now at issue. The district court ordered the IRS to submit a "Vaughn Index", or summary of the documents in dispute, substantially as ordered in the case of *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973) *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

Such a purported summary or index of the documents withheld was submitted by IRS accompanied by affidavits of IRS officials with knowledge of the contents. The district court determined that the index furnished met all the following criteria of *Vaughn* and *Founding Church of Scientology v. Bell,* 603 F.2d 945, 949 (D.C.Cir.1979):

1. The index should be contained in one document, complete in itself.

2. The index must adequately describe each withheld document or deletion from a released document.

3. The index must state the exemption claimed for each deletion or withheld document, and explain why the exemption is relevant. Of course the explanation of the exemption claim and the descriptions of withheld material need not be so detailed as to reveal that which the agency wishes to conceal, but they must be sufficiently specific to permit a reasoned judgment as to whether the material is actually exempt under FOIA.

Appellant contends that requirements two and three as set out in *Founding Church of Scientology* have not been met by the government index description of the 33 documents and that exemptions under FOIA and/or 26 U.S.C. § 6103 have not been clearly established as required. The index is comprised of 37 pages, supported by separate affidavits of three IRS officials; each document description is accompanied by claims of exemption with respect to specific sections of FOIA and each claimed to be exempt is classified as "tax return information" under 26 U.S.C. § 6103(e)(7).[2]

Section 6103 Exemption From Disclosure

The district court, 528 F.Supp. 119, held that the documents involved[3] were "return information" within the meaning of 26 U.S.C. 6103(b)(2).[4] The holding of the court

---

2. (e)(7) Return information.—Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal Tax Administration.

3. The district court noted a "possible exception of Document # 15."

4. This subsection of § 6103, dealing with "confidentiality and disclosure of returns and return information", defines "return information" as:
   (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or

tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
   (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110, but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

was further that appellee's "determination not to disclose said documents is neither arbitrary nor capricious" under section 6103, because "the record demonstrates that revelation would very possibly 'seriously impair' the impending White investigation." The trial judge concluded that "non-disclosure is proper under § 6103 irrespective of FOIA." The primary authority for this rationale is found in *Zale Corp. v. Internal Revenue Service,* 481 F.Supp. 486 (D.D.C. 1979), which similarly involved a taxpayer's seeking through "elaborate" FOIA demands investigative materials, computations and information in a pending tax investigation prior to filing of formal tax charges. Judge Gesell in *Zale* found the "structure of section 6103 is replete with elaborate detail," and that it "differs markedly from the structure of FOIA, which calls for the release of information to the public at large." 481 F.Supp. at 489. He therefore viewed the former, which identifies "discrete groups to whom disclosure of certain specified types of information is permissible," *Id.,* as being the "sole standard governing release of tax return information." *Id.* at 490. He applied a "highly deferential" standard of review as to the exercise of discretion vested in IRS "so long as that determination is rational and has support in the record." *Id.* He found the record to support the IRS position in that case that "further disclosures would seriously impair the joint investigation," *Id.* at 490–91, and that this conclusion was "neither arbitrary nor an abuse of discretion." *Id.* at 491. Many other courts have expressed approval of the *Zale* reasoning. *See, e.g., King v. IRS,* 688 F.2d 488, 495 (7th Cir.1982); *Hulsey v. IRS,* 497 F.Supp. 617 (N.D.Tex.1980); *Kanter v. IRS,* 496 F.Supp. 1004 (N.D.Ill. 1980); *Anheuser-Busch, Inc. v. IRS,* 493 F.Supp. 549 (D.D.C.1980); *Green v. IRS,* 47 A.F.T.R.2d (P–H) 1261 (S.D.Ind.1981) *Wolfe v. IRS,* 45 A.F.T.R.2d (P–H) 1565 (D.C.Colo. 1980); *Ginter v. Williams,* 80–2 U.S.Tax Cas. (CCH) 85, 731 (E.D.Ark.1980). Its reasoning was referred to with apparent approval in *U.S. v. First National State Bank of N.J.,* 616 F.2d 668, 672 n. 6 (3d Cir.1980) to preclude a taxpayer's attempted "end run" around that circuit's restrictive discovery conditions with respect to tax return information set out in *U.S. v. Garden State National Bank,* 607 F.2d 61 (3d Cir.1979). *See also U.S. v. First National Bank of Savannah,* 80–2 U.S.Tax Cas. (CCH) 88,558 (W.D.Tenn.1980). *Compare Britt v. IRS,* 547 F.Supp. 808 (D.D.C.1982) and *Tigar and Buffone v. Central Intelligence Agency,* 47 A.F.T.R.2d (P–H) 1310 (D.D.C.1981).

■ We are disposed to affirm the district court on the basis of the *Zale* and *King* rationale expressed in its decision. The record indicates the documents in dispute are "return information" within the definition of section 6103, and that appellee has sufficiently demonstrated that disclosure of this information would "seriously impair federal tax administration." The actions of appellee in that regard are neither arbitrary nor capricious.

■ Section 6103 we find to be a detailed and specific statutory scheme which essentially controls the disclosure of tax returns and investigations aimed at determining tax liabilities of an identified particular taxpayer.

### Freedom of Information Act Exemptions

■ There is another basis, however, for affirming the judgment precluding further disclosure of the remaining documents. The trial court held that while 26 U.S.C. § 6103 was an independent basis for nondisclosure on this record, it was also a " 'statute' within the purview of § 552(b)(3) and as such is exempt from the disclosure requirements of FOIA." This court, prior to the decision in *Zale,* reached the same conclusion in *Fruehauf Corp. v. IRS,* 566 F.2d 574 (6th Cir.1977). It should be pointed out that IRS did not in that case argue that recently revised 26 U.S.C. § 6103 was an independent basis for nondisclosure of an even greater volume of tax records sought by Fruehauf Corporation under FOIA in connection with an extensive tax investigation but rather successfully argued that sec-

tion 6103 qualified "as an exemption three [5] statute, entitling IRS to refuse to disclose 'returns and return information.'" *Id.* at 578. *Fruehauf* also noted that section 6103 included "any part of any written determination or any background file document . . . which is not open to public inspection under section 6110" as nondisclosable return information if disclosure were deemed to impair seriously federal tax administration. *Id.* at 580. *See also Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir.1979), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979) [where it was concluded "that the provisions of section 6103 dealing with the disclosure of return information to a taxpayer with a material interest therein satisfy the requirements of Exemption 3" to FOIA. *Id.* at 840 (noting *Fruehauf* in relation also to "new section" 6110 of the I.R.C.) ].

In *Chamberlain* the court held that "intra-agency communications regarding Chamberlain's tax liability, memoranda of conferences on the subject, various 'sensitive case' reports," the "testimony of an important witness," and "several reports discussing the tax liability of other taxpayers" did constitute "return information under section 6103." *Id.* at 840–41. That court also held IRS "material prepared or collected by the IRS with regard to Chamberlain's potential liability for deficiencies or penalties" also represented return material. *Id.* at 841. Further, that court held that IRS had sustained its burden of showing that release of these types of documents would result in serious impairment of its "effort to collect back taxes and penalties . . . relating to the fraud claim . . . or the computation of tax deficiencies," despite the undoubted fact that release of this information would "be of benefit to him in the preparation of his defense to the various claims against him." *Id.* We agree with the Fifth Circuit that Section 6103 was

designed "to avoid the damage to tax collection that would result from the untimely disclosure of the IRS' files", *Id.,* as would result in this case if they were disclosed to appellant White under his FOIA demands. *See Cliff v. IRS,* 496 F.Supp. 568, 571 (S.D. N.Y.1980); *Moody v. IRS,* 80–1 U.S.T.C. ¶ 9254 (D.D.C.1980).

All of the documents involved in this dispute are the type of documents discussed in *Fruehauf* and in *Chamberlain* which meet the standards of "return information" which is exempt under section 6103 as a statute intended to foreclose discovery of tax information under 5 U.S.C. § 552(b)(3).

There was sufficient identification of the documents and material listed in the index furnished to the trial court in this case to find them exempt from disclosure under 26 U.S.C. § 6103 and exemption three of the FOIA, as above indicated, and we find further that additional detailed in-camera inspection was not required. *See Ingle v. Department of Justice,* 698 F.2d 259 (6th Cir.1983); *Crooker v. Office of Pardon Attorney,* 614 F.2d 825, 828 (2nd Cir.1980); *Cliff v. IRS,* 496 F.Supp. at 572 n. 9.

■ Finally, we agree with the district court that other exemption provisions of FOIA, 5 U.S.C. §§ 552(b)(5) and (7), apply to some of the documents here involved. The latter exemption, 552(b)(7)(A), is applicable to investigation developed documents whether potentially civil or criminal in import. *See Williams v. IRS,* 345 F.Supp. 591 (D.Del.1972), *aff'd* 479 F.2d 317 (3rd Cir. 1973), *cert. denied sub nom. Donlon v. IRS,* 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973); *Pope v. U.S.,* 599 F.2d 1383 (5th Cir.1979).[6]

■ Exemption 7(C) allows IRS to determine reasonably against disclosure of identity of parties who have indicated in docu-

---

5. 26 U.S.C. § 6103 was held to be a statute that "specifically exempted from disclosure" certain tax information, and "that the matters be withheld from the public in such a manner as to leave no discretion on the issue or establishes particular criteria for withholding" under 5 U.S.C. § 552(b)(3) as amended in 1977.

6. The *Pope* case seems particularly pertinent here. It involved an unsuccessful effort by a lawyer, who claimed to be investigated by IRS with respect to his representation of tax clients before that agency, to obtain under FOIA unsolicited reports from individuals reflecting upon the character of his activities.

ments or statements a willingness to provide it with information in furtherance of its investigation of appellant, because disclosure of identity would constitute an unwarranted invasion of privacy. Balancing of interests as to the right of White to get this information against the interests of others to be treated confidentially weighs against disclosure. *See Deering Milliken, Inc. v. Irving,* 548 F.2d 1131, 1136 (4th Cir.1977).

■ Exemption 5 embodies privileges against discovery such as attorney-client and work-product privileges. *NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1975). This would apply, in this case, to materials reflecting "deliberative or policymaking processes," including legal research which is predecisional, such as that obtained prior to determining the nature of future tax proceedings, if any, against White. *See E.P.A. v. Mink,* 410 U.S. 73, 89, 93 S.Ct. 827, 836, 35 L.Ed.2d 119 (1973).

We are satisfied that the district court in this case made a sufficient examination and analysis of the index supplied and the affidavits accompanying that index, and that it applied the proper criteria in its determination that disclosure would seriously impair federal tax administration in each instance. We further affirm the decision not to disclose the documents and materials to appellant because IRS met its burden of establishing their exemption under FOIA for the reasons indicated.

The judgment of the district court is accordingly AFFIRMED.

MERRITT, Circuit Judge, concurring.

I agree with the Court that the materials in question here are not subject to disclosure under Section 6103, Title 26, United States Code. For the reasons set out in the portion of the Court's opinion entitled "Section 6103 Exemption From Disclosure," I see no need to consider the other questions in the case.