**L.A. LINSTEADT and Wannelle Linsteadt, Plaintiffs-Appellants,**

v.

**INTERNAL REVENUE SERVICE and Roscoe L. Egger, Commissioner, Defendants-Appellees.**

No. 83–1462
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 16, 1984.

Tarlton, Douglas, Kressler & Wuester, William O. Wuester, Fort Worth, Tex., for plaintiffs-appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Richard W. Perkins, Atty., Stephen Gray, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

The plaintiffs, L.A. Linsteadt and his wife, sue under the Freedom of Information Act ("the Information Act"), 5 U.S.C.

§ 552, to require the Internal Revenue Service ("IRS") to permit them access to certain agency records. They appeal from summary judgment rejecting their demand insofar as an agency-prepared memorandum that reported only the facts stated by the Linsteadts themselves in an interview between them and an IRS special agent.

## I. *Overview*

The principal legal issue, as will be stated below in more detail, is whether—as the defendant agency contends, and as the district court held—the agency's duty to disclose "return information" is entirely measured by a provision of the Internal Revenue Code, 26 U.S.C. § 6103; or whether, as the plaintiffs contend, that provision is an exempting statute under the Information Act, 5 U.S.C. § 553(b)(3), that furnishes the criteria for the duty to disclose, but which duty is nevertheless subject to the provisions of the Information Act. The difference is more than theoretical. If § 6103 provides the sole measure of the duty, on judicial review the claimant has the burden of proving an abuse of the agency's discretion in nondisclosure. If, however, the Information Act applies and merely incorporates the criteria of § 6103 as an exempting statute, on judicial review the district court determines the matter de novo, 5 U.S.C. § 552(a)(4)(B), with the agency bearing the burden of showing that nondisclosure was warranted, *id.*, by one of the nine specific exemptions listed in § 552(b) of the Act. Following prior precedent of this court—and rejecting, as contrary to circuit panel practice, the suggestion of the IRS that we ignore this decision by a prior panel—we hold that, although § 6103 may furnish the criteria for the agency's duty to disclose return information, judicial review of the agency's nondisclosure is governed by the Information Act.

This legal issue resolved, then the principal factual issue remaining is whether, in its alternative holding posited should this court find that the Information Act applies,

the district court erred in determining that disclosure of a memorandum of the plaintiffs' own admissions to an IRS agent would "seriously impair Federal tax administration", 26 U.S.C. § 6103(e)(7), or would "seriously interfere with enforcement proceedings," 5 U.S.C. § 552(b)(7), two of the statutory criteria justifying agency nondisclosure. Applying the accepted principles that under the Information Act the agency has the burden to justify nondisclosure, we affirm the district court's factual determinations that the agency's refusal to disclose the memorandum was justified by these statutory exemptions from the disclosure requirements.

## II.

On this appeal, the merit-issue concerns the denial of the Linsteadts' Information Act request for portions of an IRS memorandum that contained only their own factual statements as summarized by an IRS agent who interviewed them, as will be detailed more fully later. We will here discuss the interrelationship between the Information Act and 26 U.S.C. § 6103, the factual context in which this issue arises, as well as the applicable jurisprudential principles.

### A. *The Freedom of Information Act, 5 U.S.C. § 552*

The Information Act provides that an "agency shall make available to the public," § 552(a), its records upon request, § 552(a)(3), except for nine specified exemptions, § 552(b) (two of which are claimed by the IRS here to apply). On judicial review of an agency's failure to disclose its records, "the court shall determine the matter de novo ..., and the burden is upon the agency to sustain its action." § 552(a)(4)(B).[1]

In resisting the Linsteadts' request for disclosure, the IRS relies upon Exemption 3 (the "exempting statute" exception) and upon Exemption 7(A) (the "investigatory

---

**1.** For a general discussion of the Information Act as originally enacted in 1966 (not changed in these respects, although subsequent amend-ments broadened disclosure requirements), *see* Davis, *Administrative Law Text,* §§ 3A.1–3A.25 (3d ed. 1972).

records" exception) of § 552(b).[2] In this portion of the opinion, we will discuss the application of Exemption 3 to the present facts, reaching Exemption 7(A) in part IV below.

As set out in the margin, with regard to Exemption 3, the Information Act provides that it "does not apply to matters that are ... specifically exempted from disclosure by statute," provided that the statute meets certain requirements. The crux of the present disputed legal issue is whether agency records subject to an "exempting statute", such as the one upon which the IRS now relies, are completely exempted from any application whatsoever of the Information Act, or whether, instead, the Information Act's requirements of de novo judicial review and agency burden of proof for nondisclosure apply with regard to matters that the agency has statutory discretion not to disclose under the exempting statute.[3]

### B. *26 U.S.C. § 6103*

In refusing disclosure of the memorandum at issue to the Linsteadts, the IRS relies upon 26 U.S.C. § 6103. This statute, in general, provides that a taxpayer's tax returns or tax "return information" (defined, as is conceded, to include the memorandum of information furnished by the taxpayer to the IRS with respect to his tax liability) is confidential and may not be disclosed to the public (nor to governmental agencies, except as authorized by the statute). These nondisclosure provisions of § 6103 meet the requirement of proviso A to Exemption 3—requiring "that the matters be withheld from the public in such a manner as to leave *no* discretion on the issue," 5 U.S.C. § 552(b)(3)(A) quoted note 2 *supra* (emphasis added)—so that a person (a "member of the public," insofar as *another* person's tax information is concerned) is not entitled to access to the tax return or return information of *other* taxpayers. *Fruehauf Corporation v. Internal Revenue Service*, 566 F.2d 574, 578, 580 (6th Cir.1980) (but specifically noting that the issue of discretionary release to a taxpayer himself, *infra*, was not at issue, 566 F.2d at 578 n. 6).

However, § 6103 also provides that the taxpayer himself or his designee may have access to his own return and return information unless the Secretary determines that disclosure "would seriously impair

---

**2.** Exemptions (b)(3) and (b)(7)(A) of the Information Act, 5 U.S.C. §§ 552(b)(3) and (b)(7)(A), read as follows:

> (b) This section does not apply to matters that are—
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (3) *specifically exempted from disclosure by statute* (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings....
> [Emphasis added]

With regard to Exemption 3, the Act as initially enacted simply provided that disclosure was not required for matters that are "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3) (1970). An amendment of this stat-

ute by the Sunshine Act, Pub.L. No. 94–409, 90 Stat. 1241, 1247, effective March 13, 1977, narrowed the exemption by adding the provisos as to the requirements of an exempting statute, (A) or (B), as above stated.

**3.** In terms of statutory construction, the issue is whether the provision in 5 U.S.C. § 552(b) that "[t]his section [*i.e.*, the Information Act] does not apply" was legislatively intended to supersede the entire application of the Information Act as to agency records within the ambit of exempting statute, or whether, instead—as this court held in *Chamberlain, infra*, to anticipate a point—the statutory provision was legislatively intended to mean that only the unrestricted *duty to disclose* otherwise provided for by the Information Act "does not apply" and is limited by the requirements of the exempting statute. If the latter construction is followed, then—when Congress *has* provided an agency with discretion not to disclose certain of its records—the agency's exercise of that discretion not to disclose is still subject to judicial review under the provisions of the Information Act.

Federal tax administration." 26 U.S.C. § 6103(c), (e)(7).[4]

The IRS contends that, by virtue of these provisions of § 6103, the Information Act is not applicable to a taxpayer's request for access to his own tax return or tax return information. The tax return or return information of a taxpayer is protected therefore (it argues) from access even by the taxpayer himself, when the Secretary determines that federal tax administration would thereby be impaired.

### C. Interrelationship of § 6103 and the Information Act

In so contending, the IRS relies upon the construction of §§ 6103(c) and (e)(7), and the interrelationship between these statutory provisions and the Information Act, declared by *Zale Corporation v. United States Internal Revenue Service*, 481 F.Supp. 486 (D.C.D.C.1979). *Zale* held that § 6103(e)(7) (then (e)(6)) was intended to provide the sole standard governing disclosure or nondisclosure of tax return information, rather than being merely support for a claim of exemption under the Information Act's § 552(b)(3) exemption. Construing § 6103's particularized regulation of release of return information as a self-contained statutory scheme, *Zale* concluded that the generalized disclosure requirements of the Information Act were not applicable at all to regulation of the disclosure/nondisclosure of tax return information. *Zale* held, therefore, that judicial re-

view of the agency's nondisclosure of tax return information was limited by the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, to determining whether the Secretary's action was arbitrary or an abuse of his discretion in his impairment determination upon which nondisclosure was based. 481 F.Supp. at 490. The *Zale* court found no such abuse and upheld nondisclosure. 481 F.Supp. at 491.

Whatever the merits of the *Zale* interpretation, this circuit has held to the contrary. *Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). In *Chamberlain,* we held that 26 U.S.C. §§ 6103(c) and (e)(7) (then, (e)(6)), indeed met the requirement of an exempting statute under Exemption 3(B), 5 U.S.C. §§ 552(b)(3)(B) (quoted in note 2 *supra* )—as establishing sufficiently "particular criteria" on "particular types" of records to be withheld—so as "to avoid the evils of unfettered agency discretion with which Congress was trying to deal when [in 1977] it [more restrictively] amended Exemption 3." 589 F.2d at 839. Therefore, § 6103(c), (e)(7) "permits the Secretary to withhold return information if he determines that such disclosure would 'seriously impair Federal tax administration.'" 589 F.2d at 843.

However, we also held that, under the Information Act, the IRS has "the burden of sustaining a decision to withhold information" from the taxpayer. 589 F.2d at 841.[5] Thus, contrary to the subsequent

---

**4.** 26 U.S.C. § 6103(c) and (e)(7) provide:

(c) *Disclosure of returns and return information to designee of taxpayer.*—The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a written request for or consent to such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person. However, return information shall not be disclosed to such person or persons if the Secretary determines that such disclosure would seriously impair Federal tax administration.

     \*     \*     \*     \*     \*     \*

(e)(7) *Return information.*—Return information with respect to any taxpayer may be open to inspection by or disclosure to any person authorized by this subsection to inspect any return of such taxpayer if the Secretary determines that such disclosure would not seriously impair Federal tax administration.

     \*     \*     \*     \*     \*     \*

**5.** While the agency was held to have sustained its duty of nondisclosure, the return information there at issue did not concern memoranda of statements made by the taxpayer himself. As described by the court, the 42 documents at issue

comprise various intra-agency memoranda analyzing and discussing Chamberlain's tax liability, several summaries of the case, mem-

construction of *Zale, supra,* we held in *Chamberlain* that § 6103(c), (e)(7) provide criteria for nondisclosure under Exemption 3, but that on judicial review the agency bears the burden of justifying its nondisclosure under the Information Act.

The distinction between this circuit's approach in *Chamberlain* and that taken by the *Zale* court is brought into sharp focus by the decision of our sister Eleventh Circuit in *Currie v. Internal Revenue Service,* 704 F.2d 523 (11th Cir.1983). There, similarly to the present case, the IRS argued that *Zale* provided the correct statutory interpretation of the statutory provisions at issue and that *Chamberlain* should not be followed. Rejecting the IRS's contentions,[6] the court concluded itself bound by the *Chamberlain* precedent of its predecessor court, which it construed as holding that "the nondisclosure of the requested information" of tax return information relating to the taxpayer alleged to be protected from disclosure by § 6103 must be viewed "as an exemption from the normal policy of full disclosure under the FOIA [Information Act]", 704 F.2d at 527, subject to de novo judicial review, with the agency bearing "the burden of proving [that] the withheld materials are within one of the exemptions of the 'tougher' FOIA [Information Act]", 704 F.2d at 530.[7] (The court also held that, once a court "has analyzed a case under the strictures of FOIA [the Information Act] it is unnecessary for it to engage in the *Zale* analysis; a nondisclosure decision that passes muster under the 'tougher' FOIA requirements [the agency bearing the burden of proof to justify nondisclosure] will have a rational basis. Such needless use of scarce judicial resources is not to be encouraged." 704 F.2d at 528.)

The IRS frankly admits that *Zale's* interpretation is contrary to that of this court in *Chamberlain* and to the Eleventh Circuit's in *Currie* (following *Chamberlain*), but it argues that this panel is nevertheless free to decide in accordance with *Zale* "because *Chamberlain* antedated *Zale* and no *Zale*-type argument was made to this Court in *Chamberlain.*" IRS brief, p. 13. However, "[u]nder the precedent theory of this court, one panel may not overrule the decision of another panel of this court squarely on point and in the absence of intervening and overruling Supreme Court decisions." *White v. Estelle,* 720 F.2d 415, 417 (5th Cir.1983).[8]

oranda of interviews with witnesses, assorted agency workpapers dealing with the computation of Chamberlain's taxes, reports by different agents who have worked on the case, and letters or memoranda from one IRS official to another dealing with different aspects of the case.

589 F.2d at 840.

**6.** The court summarizes the IRS's contentions as follows, identically to those now raised before us:

The IRS contends that I.R.C. § 6103, 26 U.S.C. § 6103, is a self-contained statutory scheme regulating the disclosure of tax return information and therefore the disclosure or nondisclosure of such information is not subject to the FOIA and its concomitant procedural requirements and policy objectives. Judicial review of the agency's decision to withhold these documents, they argue, is limited to a determination of whether the decision was arbitrary or an abuse of discretion. We disagree.

704 F.2d at 526–27.

**7.** The materials withheld in *Currie* are described at 704 F.2d at 528–30 n. 14. As described, they relate pertinently to present issues of information obtained in the course of the tax investigation that revealed "prospective testimony; witnesses (including a confidential source or confidential sources); prospective witnesses; investigative leads; specific transactions being investigated; defenses that might be raised and the validity of these defenses; investigators' theories and thought processes." 528 F.2d at 528–29, n. 14. Using the clearly erroneous standard, the appellate court affirmed the district court's factual determination that the material was not improperly withheld and that the government had proved that it fell under Exemption 3 and Exemption 7 because its release could impair federal tax administration and law enforcement. 704 F.2d at 531–32.

**8.** Of the circuit court decisions cited by the IRS, only two (other than those cited in our text) rule on the present issue. In *King v. Internal Revenue Service,* 688 F.2d 488 (7th Cir.1982), the Seventh Circuit adopted the *Zale* court's analysis and upheld the administrative nondisclosure determination as not an abuse of discretion. In *White v. Internal Revenue Service,* 707 F.2d 897 (6th Cir.1983), the Sixth Circuit approved *Zale*

To summarize: The present facts before us concern a request by the taxpayers that the IRS furnish them access to a memorandum of factual statements made by them to an IRS agent. The IRS denied disclosure on the basis of its power to withhold release to the taxpayer himself of his tax return information when it determines that such disclosure would seriously impair tax administration, relying on 26 U.S.C. §§ 6103(c) and (e)(7). It now contends that its denial may be reviewed solely under that statute for an abuse of its discretion. We hold, however, that while 26 U.S.C. § 6103 provides the criteria for nondisclosure under Exemption 3 of the Information Act, the agency's denial of disclosure is reviewable under the Information Act, with the government bearing the burden of demonstrating that one of the specific exemptions of the Information Act justifies its nondisclosure.

### III.

The district court alternatively held that, if the Information Act does apply, then the IRS had borne its burden of demonstrating that the requested portions of the memorandum fell under Exemption 3 as (incorporating the § 6103 criteria) a disclosure likely to seriously impair federal tax administration, and under Exemption 7(A) (*see* note 2 *supra*) as an investigatory record compiled for law enforcement purposes, release of which would interfere with enforcement proceedings.

With regard to our standard of review, it is settled that an appellate court reviewing district court determinations under the Information Act "(1) must determine whether the district court had an adequate factual basis for the decision ren-

dered and (2) whether upon this basis the decision reached was clearly erroneous." *Stephenson v. Internal Revenue Service*, 629 F.2d 1140, 1144 (5th Cir.1980). *Accord, Currie v. Internal Revenue Service, supra,* 704 F.2d at 528; *Chilivis v. Securities and Exchange Commission*, 673 F.2d 1205, 1210 (11th Cir.1982) and *Church of Scientology v. United States Department of the Army et al.,* 611 F.2d 738, 742 (9th Cir.1979) (full discussion of the standard of appellate review of Information Act determinations). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

The Linsteadts contend on appeal that the district court's factual findings are clearly erroneous and should be reversed. Before reaching the merits of this contention, we deem it advisable to explicate the present facts more fully.

The Linsteadts are presently the subject of a joint criminal/civil tax investigation for the 1978, 1979, and 1980 tax years. On June 30, 1982, the Linsteadts filed a Freedom of Information Act request seeking copies of any statements made by the Linsteadts to Internal Revenue Service agents.[9] The IRS identified four memoranda of interviews in its files that were responsive to the request. The IRS District Director for the Dallas District released three of the memoranda in their entirety, but disclosed only part of the fourth memorandum. In his letter to the plaintiffs partially denying their request, District Di-

---

and its reasoning and stated it was "disposed to affirm" nondisclosure on this basis, 707 F.2d at 900, but it apparently based its affirmance of nondisclosure on "another basis", following *Chamberlain,* 707 F.2d at 900–901.

9. The operative part of the Linsteadts' Freedom of Information Act request reads as follows:

All statements given by L.A. or Wannelle Linsteadt to the Internal Revenue Service during the course of its investigation of the in-

come tax liabilities of L.A. and Wannelle Linsteadt and Pronto, Inc. for the years 1978–1980, including:

(a) all written statements;

(b) all oral statements recorded by any mechanical recording devise (sic);

(c) all oral statements reduced to writing by Internal Revenue Service agents, whether verbatim or not, and whether signed by L.A. Linsteadt and/or Wannelle Linsteadt or not.

rector Cagle explained that parts of the fourth document were being withheld pursuant to Exemptions (b)(3) and (b)(7)(A) of the Information Act, 5 U.S.C. §§ 552(b)(3) and 552(b)(7)(A). After exhausting their administrative remedies, the plaintiffs brought the present action.

In the proceeding below, the government introduced affidavits from the IRS District Director for the Dallas District and the IRS Special Agent assigned to the Linsteadts' case to support the claim that the withheld document was within one of the exemptions of the Freedom of Information Act. In a hearing on the government's motion for summary judgment, the government conceded that the portions of the fourth memorandum of interview being withheld contained only a factual summary of the Linsteadts' statements, and did not include any conclusions or opinions of the Special Agent who took the statements.

As previously noted, the district court upheld the agency's nondisclosure primarily on the basis that it was not an abuse of the allowable discretion under 26 U.S.C. § 6103, a ruling we have reversed as contrary to *Chamberlain*. Alternatively, the district court held that the government had borne its burden of demonstrating that the memorandum of the taxpayers' factual statements fell within two of the specified exemptions of the Information Act; a ruling we now review.

## IV.

The IRS contends that nondisclosure is justified by two specific exemptions of the Information Act: (1) Exemption 3, incorporating the criterion of § 6103 as an exempting statute, under which disclosure of a taxpayers' return information to him is exempted if it would "seriously impair Federal tax administration"; and (2) Exemption 7(A), exempting from disclosure an investigatory record compiled for law enforcement purposes (as the sought document is conceded to be), "but only to the extent that the production of such records would (A) interfere with law enforcement proceedings," 5 U.S.C. § 552(b)(7)(A).

The Linsteadts' Information Act request was limited to any statements made by the Linsteadts during the course of the tax investigation, including written statements, oral statements recorded by a recording device, and oral statements which had been reduced to writing. The Linsteadts stress that their request does *not* include any demand for any conclusion or opinion of the Special Agent who recorded their statements. Nonetheless, the government contends that the release of the information would have several ill effects. The IRS claims that disclosure would allow the Linsteadts "to fabricate excuses or evidence to frustrate the investigation or to address those facts which the Government unearths." IRS Brief, p. 17.[10]

**10.** The affidavit of the Deputy Director of the IRS for the Dallas District claimed that disclosure would precipitate the following harmful effects:

> Based upon my experience and discussions with representatives of the Criminal Investigation Division of this District, I have determined that release of portions of the documents at issue in this lawsuit could seriously impair any attempt to prosecute plaintiffs, L.A. and Wannelle Linsteadt, for criminal or civil violations of the Internal Revenue laws. Any such disclosure would impair the Service's ability to present its best case in court should L.A. and/or Wannelle Linsteadt ultimately be indicted or in any future criminal or civil litigation involving plaintiffs herein by prematurely revealing evidence; the reliance placed by the government on that evidence; the nature and direction of the government's case; and the scope and limits of the investi-

gation. In addition, disclosure would aid plaintiffs in tampering with potential evidence or otherwise frustrate the continuing investigative process.

Citing similar concerns, the affidavit of the Special Agent assigned to the Linsteadts' case states:

> I believe that disclosure of the documents described in paragraph 8 above would interfere with the potential prosecution of L.A. and Wannelle Linsteadt by revealing evidence developed against L.A. and Wannelle Linsteadt, and reliance placed by the Government on that evidence; the nature and direction of the government's investigation as well as the scope and limits of the investigation.

> I believe that the release of the criminal investigation document at issue in this litigation would result in interference with any criminal enforcement proceeding arising from my investigation by providing prema-

Internal Revenue Service directives require that memoranda of interviews include only a summarized recitation of the statements made by the interviewees. *See* Part IX—Intelligence, Internal Revenue Manual, § 346.55. As the government forthrightly admits, the memorandum at issue contains no opinions or conclusions of the Special Agent, but merely a factual recitation of the Linsteadts' own statements. Moreover, as did the district court, this court has reviewed *in camera* the portions of the memorandum that the IRS seeks to withhold.

■ Our review of the interview memorandum has generated a division of opinion among the members of this panel. Judge Brown and Judge Higginbotham conclude that the district court did not err in finding that the IRS bore its burden of establishing that release of this document would seriously impair the Service's administration of the federal tax laws and would significantly interfere with the present law enforcement proceedings. Though—or perhaps because—the question is not free from doubt, Judges Brown and Higginbotham defer to the district court's finding of fact. In their view, the affidavits of the IRS officials, *see* note 10, *supra*, must be given due weight despite our holding that an abuse of discretion standard does not apply, and if the district judge upon conducting his own *in camera* inspection concludes that the contents of the contested document justify the government's concern, this court should be particularly loathe to second-guess that judgment absent manifest error. No such error appears here, and the judgment must accordingly be affirmed.

Judge Tate dissents from this disposition, as he cannot agree that the evils cited by the government to justify nondisclosure could reasonably come to pass, given the contents of the withheld document. The remainder of this opinion comprises Judge Tate's explanation of why he would reverse the judgment and order the release of the withheld portions of the interview memorandum.

### Dissenting Views of Judge Tate

The dominant objective of the Freedom of Information Act is disclosure, not secrecy; accordingly, this court must "narrowly construe" the exemptions to disclosure otherwise compelled by the Act. *Department of Air Force v. Rose*, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976). Applying this standard to the present case, Judge Tate does not find a sufficient basis in the record to support a finding that the government met its burden of demonstrating the asserted exemptions to be applicable.

Since the Linsteadts' statements to the Special Agent may be introduced at a subsequent trial as admissions, they offer the plaintiffs no greater opportunity to create or destroy evidence than is possible in the ordinary course of events without access to the statements.[11] Nor would the document reveal to the Linsteadts any information about the nature, scope, or course of the government's investigation or its reliance upon certain evidence not otherwise known or deducible by them, since the memorandum concededly recites only factual statements made by the plaintiffs' themselves in response to questions by the Special Agent as to their cash assets and other transactions, exclusive of any statement, opinion or conclusion of the Special Agent. In that the withheld memorandum admittedly recites only those statements made by the Linsteadts themselves, its release will not cause the kind of "serious" impairment to federal tax administration, 26 U.S.C. § 6103(e)(7), or "significant" interference with law enforcement proceedings, *Hawkes*

---

ture and possibly greater access to the investigatory records which could aid plaintiffs, in constructing defenses, tampering with potential evidence, and thereby affecting the government's ability to present its best case in any such proceeding.

**11.** Nor does the release of a summary of a party's own statement constitute a prohibited enlargement of discovery through the Information Act, since the Linsteadts would be entitled to copies of their own statements in either a civil or criminal proceeding. *See* Fed.R.Civ.P. 26(b)(3) and Fed.R.Crim.P. 16(a)(1)(A).

*v. Internal Revenue Service,* 467 F.2d 787, 795 (6th Cir.1972), *disclosure affirmed after remand,* 507 F.2d 481, 484 (6th Cir. 1974), envisaged by those two exceptions to the Information Act's ordinary mandate of disclosure.

Moreover, in cases applying the exemptions asserted here, the information withheld has presented a far greater potential for abuse than does the release of a factual summation of a party's own statement. *See e.g. Chamberlain v. Kurtz,* 589 F.2d 827, 840 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979) (exempting forty-two "return information" documents including various intra-agency memoranda discussing taxpayer's tax liability, several case summaries, memoranda of witness interviews, agency workpapers, reports of Special Agents, and intra-agency letters about the case) and *Currie v. Internal Revenue Service,* 704 F.2d 523, 531 (11th Cir.1983) (exempting internal agency memoranda on the direction of the investigation, memoranda of interviews with witnesses and confidential informants, draft affidavits of confidential informants, correspondence with state law enforcement officials and third parties, other third party information, and IRS notes and workpapers). In view of the narrow scope of the documents requested (factual statements by the taxpayers themselves to an IRS agent), Judge Tate concludes that IRS has not borne its burden of demonstrating that the requested document withheld by it is exempt from disclosure under the stated exceptions to the Information Act. Thus, in Judge Tate's view, the district court clearly erred in its factual determination to the contrary and in denying the plaintiffs' request for an order requiring disclosure.

*Conclusion*

For the reasons stated, we AFFIRM the district court's determination that the factual summary of the plaintiffs' statements was properly withheld. Judge Tate dissents and would order the release of the withheld documents.

AFFIRMED.