ABRAHAM & ROSE, P.L.C., Plaintiff,

v.

UNITED STATES of America, acting
through the Internal Revenue
Service, Defendant.

No. 96–CV–72337.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 16, 1998.

Jerry R. Abraham, Maurice A. Rose, Farmington Hills, MI, for plaintiff.

Charles H. Keen, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, Saul A. Green, of counsel, United States Attorney, Detroit, MI, for defendant.

### *ORDER*

DEMASCIO, District Judge.

This matter is before the court on remand. *Abraham & Rose, P.L.C. v. United States,* 138 F.3d 1075 (6th Cir.1998). Plaintiff filed the instant action to obtain materials from defendant pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

Plaintiff, Abraham & Rose, P.L.C. is law firm. On January 11, 1996, plaintiff made a formal FOIA request with the Internal Revenue Service for the disclosure of "computerized records of federal tax filings" in the Detroit District of the IRS. On January 22, 1996, plaintiff requested an identical report for the Cleveland District. In letters dated February 16 and 21, 1996, the IRS denied plaintiff's request, citing FOIA exemptions under 5 U.S.C. § 552(b)(2), (b)(3) and (b)(6).

The parties filed cross motions for summary judgment. On November 20, 1997, this court entered an order granting the government's motion for summary judgment on the grounds that the information sought was not within the purposes of FOIA and therefore not subject to disclosure. The Sixth Circuit reversed, finding that the court must specifically examine whether FOIA exemptions apply. To this end, we ordered the parties to file memorandums of law regarding the ap-

plication of the FOIA exemptions. Although the government originally claimed the materials were exempted from disclosure under § 522(b)(2), (c)(6) and (7), the government now only argues for exemption under sections (b)(6) ("Exemption 6") and (b)(7)(C) ("Exemption 7").

We must first determine the scope of plaintiff's request. As noted by the Sixth Circuit,

It seems appellant has been refining the scope of its request during the course of this appeal such that the nature of its request may now be somewhat different from what had been previously presented before the district court. **We leave it to the district court to clarify the time period for which the request is being made and any other details concerning the exact scope of the appellant's request.**

138 F.3d at 1079 n. 3.

Plaintiff has altered its request over time. Plaintiff's initial request was for access to "[c]omputerized records of federal tax lien filings in the [Detroit and Cleveland Districts]". Plaintiff's complaint refers to the request in identical terms. Plaintiff's administrative appeal described the request as "information pertaining to all federal tax liens" filed in the named districts. Plaintiff's summary judgment brief characterized the request as "records of federal tax lien filings." Plaintiff now contends that it seeks only those portions of the ALS that contains information already made public. Accordingly, we find that plaintiff's request is only for the publicly disclosed portions of the ALS. Having defined the scope of plaintiff's request in this manner, defendant's argument that the non-public portion of the ALS is exempt from disclosure is moot. We now turn to the issue of whether the public portion of the ALS is exempt under § 522(b)(6) and (b)(7)(C).

■ Exemption 7 permits withholding "investigatory records compiled for law enforcement purposes" to the extent that such disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy ..." 5 U.S.C. § 552(b)(7)(C). As the Sixth Circuit reiterated in its opinion, Exemption 7 has already been determined to

apply not only to information compiled for criminal enforcement purposes but also to that compiled for civil enforcement purposes. See *White v. IRS*, 707 F.2d 897, 901 (6th Cir.1983). The information plaintiff seeks was complied by the Service as part of an effort to collect outstanding tax debts, and therefore consists of "investigatory records" complied for "law enforcement purposes" under the statute. Thus, plaintiff's argument that exemption 7 does not generally apply is misguided.

■ However, material will be withheld under Exemption 7 only where disclosure amounts "to an unwarranted invasion of privacy." To this end, the court must engage in a balancing inquiry—between the individual's right to privacy and the public's right to information. *Dept. of the Air Force v. Rose*, 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976). On this point, the Sixth Circuit's opinion noted:

a clear privacy interest exists with respect to such information as names, addresses, and other identifying information even if such information is already available on publicly recorded filings. See *United States Dep't of Defense v. Federal Labor Relations Auth.*, 510 U.S. 487, 500, 114 S.Ct. 1006, 1015, 127 L.Ed.2d 325 (1994) (noting that "an individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may [already] be available to the public in some form"); *Reporters Comm.*, 489 U.S. at 770, 109 S.Ct. at 1480 (concluding that "the fact that 'an event is not wholly private does not mean that an individual has no interest in limiting disclosure or dissemination of the information.' "(quoting William H. Rehnquist, Is an Expanded Right of Privacy Consistent with Fair and Effective Law Enforcement?, Nelson Timothy Stephens Lectures, University of Kansas Law School, pt. 1, p. 13 (Sept. 26–27, 1974))); *Norwood v. FAA*, 993 F.2d 570, 574 (6th Cir.1993); *Wine Hobby USA, Inc. v. United States IRS*, 502 F.2d 133, 136–37 (3d Cir.1974) ("[T]here are few things which pertain to an individual in which his

privacy has traditionally been more respected than his own home.").

138 F.3d at 1083.

■ The Sixth Circuit's opinion appears to indicate that there is a significant privacy interest involved. We agree. Indeed, the public portion of the ALS contains identifying information about the individual taxpayer, including their name, address and amount of tax liability. In *Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) the Supreme Court rejected the argument plaintiff makes here—that there is a minimal privacy interest at stake because the information sought has already been made public. The Court stated:

> the issue ... is whether the compilation of otherwise hard-to-obtain information alters the privacy interest implicated by disclosure of that information. Plainly there is a vast difference between the public records that might be found after a diligent search of courthouse files, county archives, and local police stations throughout the country and a computerized summary located in a single clearinghouse of information.

489 U.S. at 764, 109 S.Ct. 1468.

Weighing against the individual taxpayer's clear privacy interest is the public's interest in disclosure. The Sixth Circuit's opinion also spoke on this point, as follows: "even if the public may have an interest in how the IRS exercises its power over the collection of taxes, this does not necessarily mean that the identity or other personal information of individual taxpayers is relevant to shedding light on an agency's performance of its statutory duties." 138 F.3d at 1083. (citations omitted). The Supreme Court stated as much in *Reporters Committee*, indicating that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relation 'to the basic purpose of the Freedom of Information Act' to open agency action to the light of public scrutiny." 489 U.S. at 772, 109 S.Ct. 1468 (citation omitted).

Plaintiff seeks public tax lien information. Specifically, plaintiff wants a list of those who have outstanding tax liabilities. This information is "public" because it is filed in the county where the taxpayer resides. However, it is difficult to see how disclosure of this type of information furthers the public interest. Although we agree with plaintiff that there is a strong public interest in opening the IRS's actions to public scrutiny, the information sought here does not appear to shed any light on IRS collection procedures. This is particularly true given that plaintiff admittedly and vehemently seeks only public information and seeks it in the exact form as the publicly filed tax liens. No actual public interest relating to the IRS's actions is served by such a disclosure.

Moreover, as defendant asserts, disclosure that an individual has a tax lien against them to a third person has the "potential of subjecting the individual to harassment, uninvited solicitations, annoyance, comment, speculation and stigma." (Defendant's memorandum at p. 5). Because of the strong privacy interest in personal information contained on a tax lien and the lack of public interest in disclosure of this information, the balancing of interests clearly weighs against disclosure. We therefore find the material exempt under 5 U.S.C. § 552(b)(7)(C). As such, we need not consider whether Exemption 6 applies, although we do note that the same balancing inquiry applies under that exemption.

**ACCORDINGLY, IT IS ORDERED** that plaintiff's FOIA request is **DENIED.**