George M. FORRESTER, appearing on his own behalf, Plaintiff,

v.

UNITED STATES DEPARTMENT OF LABOR, Defendant.

No. 76 Civ. 1837 (LFM).

United States District Court, S. D. New York.

June 16, 1977.

George M. Forrester, pro se.

Robert B. Fiske, Jr., U. S. Atty., Southern Dist. of New York, New York City, by Gary G. Cooper, Asst. U. S. Atty., New York City, for defendant.

MacMAHON, District Judge.

Plaintiff seeks disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, of the narrative report of a Department of Labor compliance officer who investigated plaintiff's charges that Hotel Computers, Inc. discriminated against plaintiff because of his age. The compliance officer investigated plaintiff's charges by interviewing witnesses and reviewing documents. He compiled the one-page narrative report now sought by plaintiff, and the department concluded that there was no probable cause to support plaintiff's claim of age discrimination. Plaintiff has been provided, or has waived, inspection of all other department documents relating to his case. Plaintiff and defendant now cross-move for summary judgment, pursuant to Rule 56, Fed.R.Civ.P.

We have examined in camera the compliance officer's investigative report, and we conclude that it is protected from disclosure by subsection (b)(7)(C) of the FOIA. That subsection exempts from public disclosure:

> "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would . . . (C) constitute an unwarranted invasion of personal privacy . . . ." 5 U.S.C. § 552(b)(7).

[1] There can be no doubt that the report, compiled following an investigation initiated by plaintiff's complaint under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., is an investigatory record compiled for law enforcement purposes. The question here, then, is whether disclosure would "constitute an unwarranted invasion of privacy." We conclude that it would.

In reviewing requests for disclosure under FOIA, courts must balance the right of the public to disclosure against the individual's right of privacy. See *Department of Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 1603, 48 L.Ed.2d 11 (1976), where the Supreme Court discussed the language of exemption (b)(6), which requires the more stringent showing of a *"clearly* unwarranted invasion of person privacy" in the case of personnel files.

We conclude that disclosure of the names and the information provided by witnesses, who cooperated with the officer without formal subpoena or other process, would constitute an unwarranted invasion of privacy. Such individuals, providing information to federal agencies in furtherance of enforcement of the laws, must be free to do so without fear of possible reprisals or disclosure of their identities to persons in whom they have not confided. That is not to say that any such reprisals or other actions are threatened or even likely in this case, but public policy requires that individuals may furnish investigative information to the government with complete candor and without the understandable tendency to hedge or withhold information out of fear that their names and the information they provide will later be open to public view. See *Frankel v. SEC,* 460 F.2d 813 (2d Cir.), *cert. denied,* 409 U.S. 889, 93 S.Ct. 125, 34 L.Ed.2d 146 (1972); *Wu v. National Endowment for Humanities,* 460 F.2d 1030 (5th Cir. 1972); *Evans v. Department of Transportation,* 446 F.2d 821 (5th Cir. 1971).

Moreover, investigations are vital to enforce compliance with the Act. Exposure of those willing to furnish information to enforcement investigators on a confidential basis, to embarrassment, retaliation or even involvement as witnesses in litigation such as this, would have such a chilling effect that sources might dry up, rendering enforcement investigations entirely futile.

Accordingly, we conclude that exemption (b)(7)(C) of the Freedom of Information Act precludes disclosure of the compliance officer's investigative report. Plaintiff's motion for summary judgment is denied; defendant's motion for summary judgment is granted, and the complaint is dismissed.

So ordered.