591 F.2d 1330
 19 Fair Empl.Prac.Cas. 887, 18 Empl. Prac.
Dec. P 8717
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
George M. Forrester, Plaintiff-Appellant
v.
United States Department of Labor, Defendant-Appellee.
 Docket No. 78-6042.
 United States Court of Appeals, Second Circuit.
 Nov. 17, 1978.
 
 1
 Before TIMBERS and VAN GRAAFEILAND, Circuit Judges, and BRIEANT, U.S. District Judge, Sitting by Designation.
 
 PER CURIAM
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by counsel.
 
 
 3
 On Consideration Whereof, it is now hereby ordered, adjudged and decreed that the judgment of the said District Court be and it hereby is affirmed.
 
 
 4
 Plaintiff-appellant appeals from a judgment of the United States District Court for the Southern District of New York (Lloyd F. MacMahon, D.J.) entered upon a memorandum decision dated June 16, 1977, reported at 433 F.Supp. 987, which granted summary judgment dismissing the complaint. By that complaint, Mr. Forrester sought disclosure under the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552 of a one-page document, more particularly described in the opinion below, which he desired to have, relevant to his claim that a private employer in connection with a job application had discriminated against him unlawfully because of his age.
 
 
 5
 The district judge inspected the document in camera in connection with his determination, and we have done likewise. The district judge perceived, correctly, that in determining whether the document is exempt from disclosure under subsection (b)(7)(C) of the FOIA, as an unwarranted invasion of personal privacy, it is essential to balance the right of privacy of affected individuals (here, witnesses interviewed by an investigator employed by defendant-appellee) against the right of the public to be informed. This balancing act addresses itself to judicial discretion relying on general principles of equity. See Department of Air Force v. Rose, 425 U.S. 352, 371, et seq. and 379 (1976) and cases therein cited. In striking the balance, as he did, in favor of non-disclosure, we cannot say that the district judge abused his discretion. Our own in camera examination of the document, viewed against the entire background of the case, including what has already been disclosed, also suggests that redacted release of the document would be impracticable and could not meet appellee's valid objections.