Dougal C. POPE, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 78–2550.

United States Court of Appeals, Fifth Circuit.

Aug. 3, 1979.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrew, Chief, Appellate Section, Crombie J. D. Garrett, John A. Dudeck, Jr., Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Engel, Groom, Miglicco & Gibson, Rudy M. Groom, Houston, Tex., for plaintiff-appellee.

Before AINSWORTH and VANCE, Circuit Judges, and BOOTLE,* District Judge.

AINSWORTH, Circuit Judge:

The question in this appeal is whether certain documents containing unsolicited information concerning possible misconduct by a lawyer given to the Internal Revenue Service are exempt from disclosure under the Freedom of Information Act (FOIA)[1] where the information subsequently led to the consideration of disciplinary proceedings against the lawyer and disclosure of the documents would reveal the source of the information.

---

* District Judge of the Middle District of Georgia, sitting by designation.

1. 5 U.S.C. § 552 (1976).

Appellee Dougal C. Pope is a lawyer who represents taxpayers before the IRS. On February 20, 1975, he requested the disclosure of any information pertaining to him in the IRS's files. The IRS had previously investigated appellee Pope to determine whether disciplinary proceedings should be instituted against him in connection with his practice before the IRS. Most of the information requested was made available by the IRS. On January 30, 1976, Pope filed the instant suit to compel disclosure of twenty documents still in dispute. Thereafter, the IRS voluntarily released five of these documents to Pope and submitted the remainder to the district court for *in camera* inspection. Pursuant to the IRS's motion for summary judgment, the district court entered a memorandum and order on March 20, 1978 holding eight of the documents exempt in whole or in part and ordering that the remaining seven documents be disclosed in their entirety.

The IRS has appealed the district court's judgment only as to three of the documents ordered disclosed in full; Pope does not challenge the decision below. The three documents, numbers 8, 9 and 10, all contain unsolicited information received from informants concerning possible unethical or illegal conduct by appellee Pope. Document 8, dated April 17, 1972, is an IRS Intelligence Information Item "containing an account of information that an IRS Special Agent received from an informant pertaining to the activities of Dougal Pope in representing a taxpayer in a tax matter." Document 9, dated November 9, 1964, is an intra-agency memorandum "regarding potential misconduct by tax practitioner Pope. The document contains a summary of information received from an informant concerning the alleged activities of Dougal Pope and others in a financial matter." Document 10, an IRS Memorandum of Interview with In-

former, dated October 8, 1964, contains "a report of information that an IRS Special Agent received from an informant regarding alleged unethical activities of Dougal Pope and others in a financial matter."[2]

The IRS argued before the district court that these documents were exempt from disclosure under three provisions of the FOIA: Exemption 6[3] which protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," and Exemptions 7(C)[4] and 7(D)[5] which protect "investigatory records compiled for law enforcement purposes" to the extent that disclosure would respectively "(C) constitute an unwarranted invasion of personal privacy" or "(D) disclose the identity of a confidential source." The district court found none of these exemptions applicable to the three documents. On appeal, the IRS contends only that the documents are protected by Exemptions 7(C) and 7(D). We conclude that the three disputed documents are protected by Exemption 7(D) and, accordingly, reverse the judgment as to these documents. As it is unnecessary to the result in this case we express no opinion regarding the applicability of Exemption 7(C) to the documents.

A determination of the applicability of Exemption 7(D) entails a two-step inquiry: first, we must decide whether the documents constitute "investigatory records compiled for law enforcement purposes" and second, whether their release would "disclose the identity of a confidential source." Although Documents 9 and 10 contain some suggestion of possible criminal activity, these documents principally involve allegations of unethical and improper conduct by appellee in certain financial dealings; they ultimately formed part of the background to a formal disciplinary in-

---

**2.** The court has conducted its own *in camera* inspection of the three contested documents. The quoted descriptions are from the Government's brief on appeal at pp. 4–5.

**3.** 5 U.S.C. § 552(b)(6).

**4.** 5 U.S.C. § 552(b)(7)(C).

**5.** 5 U.S.C. § 552(b)(7)(D).

vestigation regarding Pope's fitness for practice before the IRS. Similarly, Document 8 contains allegations of potentially unethical or improper conduct by appellee in his representation of a taxpayer in a tax matter. While this latter document has not led to any formal action by the IRS it has been incorporated into appellee's file for possible future reference.

■ Pursuant to statutory authority, the Secretary of the Treasury has promulgated extensive rules and regulations governing the practice of attorneys before the IRS. *See* 31 U.S.C. § 1026; 31 C.F.R. Part 10. These regulations provide *inter alia* for the suspension or disbarment of persons found morally or professionally unfit to appear before the IRS in positions of trust and responsibility. The enforcement of these standards bears significantly on the IRS's efforts to maintain the traditionally high quality and integrity of the tax bar. Investigations involving the enforcement of section 1026 and the rules promulgated thereunder constitute "law enforcement purposes" under Exemption 7 of the FOIA. The exemption applies to civil and regulatory proceedings as well as to criminal matters. *See, e. g., Center for National Policy Review on Race and Urban Issues v. Weinberger,* 1974, 163 U.S.App.D.C. 368, 371, 502 F.2d 370, 373; *Rural Housing Alliance v. Department of Agriculture,* 1974, 162 U.S.App.D.C. 122, 130–131, 498 F.2d 73, 81–82; *Evans v. Department of Transportation,* 5 Cir., 1971, 446 F.2d 821, *cert. denied,* 405 U.S. 918, 92 S.Ct. 944, 30 L.Ed.2d 788 (1972); *Luzaich v. United States,* D.Minn., 1977, 435 F.Supp. 31, 34; *Forrester v. Department of Labor,* S.D.N.Y.1977, 433 F.Supp. 987; *Williams v. Internal Revenue Service,* D.Del., 1972, 345 F.Supp. 591, 593, *aff'd,* 3 Cir., 1973, 479 F.2d 317, *cert. denied sub nom. Donlon v. Internal Revenue Service,* 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973). Although the 1974 amendments to the FOIA substantially changed certain aspects of Exemption 7, the phrase "law enforcement purposes" was left unaltered

and the legislative history to the amendments makes clear that Congress intended no narrowing of this phrase to exclude noncriminal investigations. *See* H.Conf. Rep.No. 93–1380, 93d Cong., 2d Sess., p. 13.

■ The applicability of Exemption 7 is unaffected by the fact that the communications giving rise to the three documents in this case were unsolicited. The informants obviously intended that the information provoke or contribute to an IRS investigation of Pope and various other individuals, and the information was in fact incorporated into an investigation of appellee's fitness to practice before the IRS. *See, e. g., Evans v. Department of Transportation, supra; Nix v. United States,* 4 Cir., 1978, 572 F.2d 998; *Luzaich v. United States, supra.*

■ Having concluded that the instant documents represent "investigatory records compiled for law enforcement purposes," we now consider whether their disclosure would "disclose the identity of a confidential source" under part (D) of Exemption 7. The documents are such that disclosure of their contents would inevitably reveal their source. There is, therefore, no means for excising the names or other identifying information from the documents so as to afford Pope access to their substance while preserving the confidentiality of the informants.

There were no express assurances of confidentiality given to the informants in this case. The legislative history of Exemption 7 demonstrates, however, that the exemption is not limited to instances where confidentiality is specifically promised, but extends to "circumstances from which such an assurance [of confidentiality] could be reasonably inferred." H.Conf.Rep.No. 93–1380, 93d Cong., 2d Sess., p. 13. Accordingly, Exemption 7(D) has been applied where courts have concluded from the content and other circumstances that the sources of information "would hardly have made the charges unless they were confident that their identities would remain concealed."

*Nix v. United States, supra,* 572 F.2d at 1003; *Maroscia v. Levi,* 7 Cir., 1977, 569 F.2d 1000, 1002; *Luzaich v. United States, supra.*

The substance of the three documents and the circumstances under which the information was given to the IRS convince us that there was an implied assurance of confidentiality associated with these communications. Given the highly damaging character of the information, the informants could reasonably have expected that their identities would remain secret and, without such an expectation of confidentiality, they may well have declined to risk the embarrassment, harassment and other difficulties that the disclosure of their names could entail. The IRS's strong policy and long tradition of dealing confidentially with sensitive information lends considerable weight to this expectation.

█ Finally, we note that Exemption 7 is not rendered unavailable by the termination of the active investigation relating to these documents. A major purpose of the exemption is to encourage private citizens to furnish controversial information to government agencies by assuring confidentiality under certain circumstances. This policy would be severely undermined if the identity of confidential sources became publicly available immediately upon the conclusion of a formal inquiry or proceeding. As we said in *Evans v. Department of Transportation, supra,* 446 F.2d at 824, a case involving an unsolicited communication to the Federal Aviation Agency concerning a commercial pilot's fitness to fly:

> We are of the further opinion that Congress could not possibly have intended that such letters should be disclosed once an investigation is completed. If this were so, and disclosure were made, it would soon become a matter of common knowledge with the result that few individuals, if any, would come forth to embroil themselves in controversy or possible recrimination by notifying the Federal Aviation Agency of something which might justify investigation.

*See also Aspin v. Department of Defense,* 1973, 160 U.S.App.D.C. 231, 491 F.2d 24; *Maroscia v. Levi, supra; Forrester v. Department of Labor, supra.*

The judgment of the district court with respect to the three documents contested on appeal is, therefore,

REVERSED.