**UNITED STATES of America,**
**Plaintiff,**

v.

**THE BERTIE COUNTY BOARD OF EDUCATION, et al. Defendant.**

**No. 2:67–CV–632–BO.**

United States District Court,
E.D. North Carolina,
Northern Division.

May 17, 2004.

NMI Walker, member, Bertie County Board of Education, A. Judson Jilcott, member, Bertie County Board of Education, George W. Jernigan, member, Bertie County Board of Education, Norman F. Perry, Mrs., member, Bertie County Board of Education, John L. Dupree, Superintendent of Bertie County Schools, defendants.

## ORDER

TERRENCE W. BOYLE, Chief Judge.

This matter is before the Court on Plaintiff's Motion to Compel Discovery and Modify Discovery Order. Defendant, Bertie County Board of Education, has responded and the matter is ripe for ruling.

In 1968, this Court issued an order requiring Defendant Bertie County Board of Education to develop a school desegregation plan "providing for the complete elimination of the dual school system in the Bertie County schools with respect to pupil and faculty assignments, facilities, transportation, and other school activities." *United States v. Bertie County Bd. of Educ., et al.*, 293 F.Supp. 1276, 1283 (E.D.N.C.1968). On September 26, 2002, Plaintiff United States filed a Motion for Further Relief. Plaintiff asserts that Defendant's desegregation efforts have not been effective in that Askewville Elementary is operating as a racially identifiable white school based on the composition of the student body, faculty, and staff.

Plaintiff's Motion to Compel seeks an order compelling the Bertie County Board of Education to fully respond to Plaintiff's First Set of Interrogatories and Document Requests. Specifically, Plaintiff wants the Court to order the Board to provide the name and race of each student who had requested a transfer to or from the school district, plus the names of the schools, the basis for the request, and whether it was

R.A. Renfer, Jr., Asst. U.S. Attorney, Office of U.S. Attorney, Raleigh, NC, for United States of America, plaintiff.

Carolyn A. Waller, Tharrington Smith, Michael Crowell, Tharrington Smith, LLP, Raleigh, NC, for the Bertie County Board of Education, a public body corporate, George W. Capehart, Chairman, Johnnie

granted. The United States also requested for each student in the Bertie County school system the following: name, student identification number, address, grade, school, homeroom number, birth date, race, sex, telephone number, any special education designations, and whether the student transferred to the school.

Defendant has responded that it is not opposed to providing the requested information, but does not believe that it has the authority to do so under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. Title 20 U.S.C. § 1232g, provides that the Department of Education may cut off federal funding to a school system which does not comply with provisions of the Act. One provision under FERPA is that personal information of students may not be released without parental consent. 20 U.S.C. § 1232g(b)(1). Defendant argues that by producing the information in discovery, it risks violating this FERPA provision.

Plaintiff argues that its discovery request falls within an exception to the general rule prohibiting release of student information without parental consent. Title 20 U.S.C. § 1232g(b)(1)(C)(ii) provides that educational records or personally identifiable information may be released to an "authorized representatives of the Attorney General for law enforcement purposes under the same conditions as apply to the Secretary under paragraph (3)." Paragraph (3) provides in pertinent part that any information collected under the exception "shall be protected in a manner which will not permit the personal identification of students and their parents by other than those officials, and such personally identifiable data shall be destroyed when no longer needed for such audit, evaluation, and enforcement of Federal legal requirements." 20 U.S.C. § 1232g(b)(3). While Defendant acknowl-edges the law enforcement exception, it disagrees that this civil action qualifies as "law enforcement purposes."

The Court is unable to locate any authority interpreting the term law enforcement in the context of § 1232g. However, upon consideration of other relevant authority, the Court agrees with Plaintiff that its discovery request falls within the law enforcement exception. Black's Law Dictionary defines law enforcement as:

The detection and punishment of violations of the law. This term is not limited to the enforcement of criminal laws. For example, the Freedom of Information Act contains an exemption from disclosure for information compiled for law-enforcement purposes and furnished in confidence. That exemption is valid for the enforcement of a variety of non criminal laws (such as national-security laws) as well as criminal laws. See 5 USCA § 552(b)(7).

Black's Law Dictionary 891 (7th ed.1999). The cases interpreting the term law enforcement as used in Title 5 U.S.C. § 552 clearly encompass the enforcement of criminal as well as civil statutes. *See Pope v. United States,* 599 F.2d 1383, 1386 (5th Cir.1979) (law enforcement exemption applies to civil, regulatory, and criminal proceedings); *Moore–McCormack Lines, Inc., v. I.T.O. Corp. of Baltimore,* 508 F.2d 945, 949 (4th Cir.1974) (law enforcement exception applies to all law enforcement proceedings, not just violations of criminal statutes); *Soucie v. David,* 448 F.2d 1067, 1079 (D.C.Cir.1971) (law enforcement exemption covers files prepared for civil and criminal law enforcement). Plaintiff filed this lawsuit pursuant to Section 407 of the Civil Rights Act of 1964, 42 U.S.C. § 2000c–6(a) and (b) to enforce the Civil Rights Act and achieve § 2000c–6(2)'s goal of desegregation. Plaintiff is seeking the records to demonstrate that Defendants

are still in violation of the provision and to enforce compliance with the Act. The Court finds that this constitutes law enforcement purposes under 20 U.S.C. § 1232g(b)(1)(C)(ii).

Accordingly, Defendants are ORDERED to respond to Plaintiff's discovery requests and interrogatories by providing the requested information. Defendants shall have 14 days from the date of this order to comply. Furthermore, the Court finds that it is appropriate to extend the period for discovery to compensate for the time lost resolving this matter. The discovery order is modified insofar as the parties shall have until August 2, 2004, to take and complete all discovery. Any interrogatories, document requests, or requests for admission must be served by July 1, 2004.